IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Clay Massi, | C/A No. 0:09-538-CMC-PJG |
| Plaintiff, | |
| vs. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Drug Enforcement Administration, | |
| Defendant. | |

This matter arises under the Freedom of Information Act. The plaintiff, Clay Massi ("Massi"), requests that the court review the decision of the Drug Enforcement Administration ("DEA") to withhold documents requested by Massi pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). DEA has filed a motion for summary judgment. (Docket Entry 18.) By order filed June 29, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Massi was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 19.) On July 8, 2009, Massi filed a response. (Docket Entry 24.) DEA's motion is now before the court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.[1]

## BACKGROUND

In June 2008, Massi filed six FOIA requests with DEA. In these requests Massi sought information that Walgreen Co. ("Walgreens") filed with DEA pursuant to federal law. Massi later narrowed the scope of his request to information pertaining to transactions regarding two specific

---

[1] Also pending before the court are plaintiff's motion to compel (Docket Entry 25) and motion to expedite consideration of this matter (Docket Entry 33).

drugs for the year 2004 at Walgreens Store #3955. Massi contends that these records are relevant to separate litigation filed by Massi against Walgreens, which is currently on appeal to the United States Court of Appeals for the Sixth Circuit. According to Massi, the information he seeks was released publicly during the trial of that matter before the district court for the Eastern District of Tennessee. Massi apparently seeks to establish through the requested DEA records that the information produced during the trial by Walgreens was erroneous or incomplete.

Massi avers that he received a report from DEA telephonically as to the drug transaction information he requested. He apparently memorialized the information that he had orally received in a written document, attached as Exhibit 12 to his Affidavit. (Docket Entry 24-1 at 8.) Massi further asserts that later the same day, DEA declined to provide him the actual documents that were responsive to Massi's FOIA request, relying on 5 U.S.C. § 552(b)(4) (hereinafter "Exemption 4"). (Massi Aff. at 6, Docket Entry 24-1.) According to Massi, the information he received and memorialized in Exhibit 12 to his Affidavit is inconsistent with the records introduced as Exhibit 31 by Walgreens at trial in Civil Action No. 3:05-cv-00425 in the United States District Court for the Eastern District of Tennessee.[2]

---

[2] Because this court's obligation and authority under § 552 is solely to conduct a *de novo* review as to the applicability of Exemption 4 to the documents at issue, it makes no comment as to the ultimate admissibility or consideration of the information by the Sixth Circuit in connection with Massi's appeal, nor as to the probative value of the DEA records in connection with the issue of the completeness or accuracy of Exhibit 31 in Civil Action No. 3:05-cv-00425. Therefore, to the extent that Massi's motion to compel (Docket Entry 25) seeks to have the court "verify the authenticity" of any document, it is denied.

## DISCUSSION

A.	**Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

B.  **District Court Review of Freedom of Information Act Decisions**

Section 552 of Title 5 of the United States Code provides that "[o]n Complaint, the district court of the United States[3] . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The district court's review is *de novo*, and the court "may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in [§ 552(b)]." Id. The agency has the burden to show that the documents at issue should be withheld. Id. FOIA "mandates a strong presumption in favor of disclosure," and the FOIA exemptions in subsection (b) must be "narrowly construed." Multi Ag Media LLC v. Department of Agriculture, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (internal citations and quotations omitted).

C.  **Exemption 4 to the Freedom of Information Act**

Exemption 4 to FOIA provides that information which is otherwise subject to public disclosure under FOIA need not be produced if it constitutes "trade secrets" or "commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4); I Richard J. Pierce, Jr., Administrative Law Treatise § 5.10 (4th ed. 2002) ("Most courts interpret the exemption to cover two different, but overlapping, categories of information: (1) trade secrets

---

[3]Pursuant to the statute, venue is proper in any district court where the complainant resides or has his principal place of business or where the records are located. Further, venue is proper in the District of the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Accordingly, many of the recent reported appellate FOIA decisions are from the United States Court of Appeals for the District of Columbia Circuit.

and (2) commercial and financial information obtained from a person and privileged or confidential."); see also Sharyland Water Supply Corp. v. Block, 755 F.2d 397 (5th Cir. 1985) (observing that the protected information was not a trade secret but rather commercial or financial information that must meet the remaining statutory requirements). Commercial information falls within the statutory meaning of "confidential" if disclosure would likely cause substantial harm to the competitive position of the person from whom the information was obtained. Wickwire Gavin, P.C. v. United States Postal Serv., 356 F.3d 588, 591 n.5 (4th Cir. 2004); see also Canadian Commercial Corp. v. Dep't of the Air Force, 514 F.3d 37, 39 (D.C. Cir. 2008); McDonnell Douglas Corp. v. United States Dep't of the Air Force, 375 F.3d 1182, 1187 (D.C. Cir. 2004).

Where, as here, the government requires a private party to submit information, the information is "confidential or privileged" within the meaning of FOIA's Exemption 4 if one of the following is present: (1) disclosure would impair the government from obtaining necessary information in the future, or (2) disclosure is likely to cause substantial harm to the competitive position of the person from whom the information was obtained. Critical Mass Energy Project v. Nuclear Regulatory Comm'n, 975 F.2d 871, 878 (D.C. Cir. 1992) (citing Nat'l Parks & Conservation Ass'n v. Morton, 498 F.2d 765, 770 (D.C. Cir. 1974)).[4] Competitive harm under Exemption 4 can be established when the agency presents evidence of "actual competition and a likelihood of substantial competitive injury." CNA Fin. Corp. v. Donovan, 830 F.2d 1132, 1152 (D.C. Cir. 1987)).

---

[4]Additionally, some courts have recognized that information can be confidential or privileged if withholding the information protects a governmental interest in administrative efficiency and effectiveness. Critical Mass, 975 F.2d at 878-79 (D.C. Cir. 1992); see also 9 to 5 Org. for Women Office Workers v. Bd. of Governors of Fed. Reserve Sys., 721 F.2d 1 (1st Cir.1983).

**D.     Executive Order No. 12,600**

With regard to the disclosure of confidential commercial information, Executive Order No. 12,600 issued by President Ronald Reagan in 1987 further requires an agency to notify submitters of records containing confidential information as to FOIA requests for those records. Exec. Order No. 12,600, Sec. 1, 52 Fed. Reg. 23,781 (June 23, 1987). Under the Executive Order, "confidential commercial information" refers to "records provided to the government by a submitter that arguably contain material exempt from release under Exemption 4 of the Freedom of Information Act." Id., Sec. 2(a). The Executive Order requires that agencies' procedures provide the submitter with a reasonable period of time to object to the disclosure of the information. Id., Sec. 4. The notice requirements of Executive Order 12,600 need not be followed if "[t]he information has been published or has been officially made available to the public." Id., Sec. 8(b).

**E.     Application to Information at Issue**

Here, Massi has requested, pursuant to FOIA, "information from the ARCOS database regarding two DNC Numbers 677767010601 and 00555097302 for the year 2004 regarding Walgreen Co. #3955, DEA Registration Number BW5154632." (Docket Entry 24-2 at 2.) DEA notified Walgreens of Massi's FOIA request for this information and Walgreens objected to its disclosure.[5] (Docket Entries 18-1 & 18-2.)

The court has conducted an *in camera* review of the information sought by Massi and finds that the records DEA is withholding contain the virtually identical type of information to that produced by Walgreens in Exhibit 31 during the trial of Civil Action No. 3:05-cv-00425 in the United States District Court for the Eastern District of Tennessee. (See Docket Entry 24-2 at 7-67.)

---

[5]DEA also notified Walgreens of the instant FOIA litigation and stated that "you may wish to intervene"; however, Walgreens has not sought leave to do so. (Docket Entry 18-1.)

The DEA records simply present the information in a different format and are limited to the specific drugs that are the subject of Massi's FOIA request. Accordingly, the court finds that DEA's conclusion that Walgreens would likely suffer substantial harm to its competitive position as a result of the public disclosure of this information was in error.[6] See 1 Charles H. Koch, Jr., Administrative Law & Practice § 3.35(1)(b) (2d ed. 1997) ("Public disclosure of information that might have been exempt will ordinarily prohibit any future application of an exemption to that material."); see also Inner City Press v. Bd. of Governors, 463 F.3d 239 (2d Cir. 2006) ("Although confidential commercial information is not subject to disclosure under Exemption 4, the exemption does not apply if identical information is otherwise in the public domain.") (citing Niagara Mohawk Power Corp. v. U.S. Dep't of Energy, 169 F.3d 16, 19 (D.C. Cir. 1999)).

DEA also argues that disclosure of this information would impair its ability to obtain the information in the future. See Critical Mass, 975 F.2d at 878 (stating that "when dealing with a FOIA request for information the provider is required to supply, the governmental impact inquiry will focus on the possible effect of disclosure on its quality"). It has made no compelling argument, however, that the quality of future information will be reduced by the disclosure of information that Walgreens has already placed into the public domain.

## RECOMMENDATION

Accordingly, based on this record, DEA has failed to meet its burden to establish that these particular documents should be withheld. 5 U.S.C. § 552(a)(4)(B). Therefore, the court recommends that the defendant's motion for summary judgment (Docket Entry 18) be denied. In light of this recommendation, the court further recommends that, in accordance with § 552(a)(4)(B),

---

[6]Notably, DEA does not address Massi's argument regarding the public availability of the information at issue via Exhibit 31.

*PJG*

the defendant be enjoined from withholding the two records submitted for *in camera* review and be ordered to produce these records to the plaintiff.

**ORDER**

Further, based on the foregoing, it is hereby

**ORDERED** that Massi's motion to compel (Docket Entry 25) is denied. It is further

**ORDERED** that Massi's motion to expedite (Docket Entry 33), without objection from the defendant, is granted.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 22, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).